IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|            Plaintiff, | ) ) ) | **ORDER DENYING MOTION** |
| vs. | ) ) | **FOR TRANSFER OF TRIAL** |
| Michael Lynn Wieland, | ) ) | Criminal No. 2:08-cr-77 |
|            Defendant. | ) | |

Before the Court is a Motion for Transfer of Trial filed by Defendant Michael Wieland (Doc. #8). Defendant seeks a transfer of this case within the District of North Dakota, from the Northeastern Division to the Southwestern Division. The United States opposes Defendant's motion (Doc. #11).

In their briefing, the parties focus on whether transfer is warranted under Rule 21(b), Fed. R. Crim. P. However, it appears to the Court that the appropriate standard for intra-district transfer is set forth in Rule 18, Fed. R. Crim. P., which governs the place of prosecution and trial. Rule 18 provides, in relevant part, "The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." See also Advisory Committee Notes, 1966 Amendments, Fed. R. Crim. P. 21 (noting that references to "divisions" were eliminated in accordance with revisions to Rule 18, and that "[t]ransfers within the district to avoid prejudice will be within the power of the judge to fix the place of trial as provided in the amendments to Rule 18").

It is well-established that defendants do not have a constitutional right to be tried in a particular division of a district. See United States v. Wattree, 401 F.3d 618, 621 (8th Cir. 2005)

1

(citations omitted).  Rather, under the provisions of Rule 18, Fed. R. Crim. P., the district court has broad discretion in determining where the trial is held within a particular district, and to overturn that decision, the defendant must show either abuse of discretion or prejudice.  Id.; see also Advisory Committee Notes, 1966 Amendments, Fed. R. Crim. P. 18.

After considering the facts and circumstances of this case in light of the foregoing principles, the Court concludes that a transfer to the Southwestern Division of this district is not warranted.  First, although Defendant is currently located at the State Penitentiary in Bismarck, it is unlikely he will remain there once he has appeared in this Court and has been taken into the custody of the United States Marshals.  Furthermore, since Defendant will remain incarcerated no matter where he is held, the convenience of the Defendant is not a particularly compelling factor in this case.

As to the convenience of the witnesses, the United States Attorney charged this case in the Northeastern Division because much of the offense conduct allegedly occurred in Grand Forks.  It logically follows that at least some of the witnesses will be located in or around the Grand Forks area, and Defendant has not pointed to any particular facts relating to the location or number of witnesses which would justify a transfer to Bismarck on the basis of convenience.  Finally, with regard to the prompt administration of justice, it should be noted that the prosecutor, the Court, and court staff assigned to this case are all located in or near the Northeastern Division, while only counsel for the Defendant is located in the Southwestern Division.

The Court is simply not persuaded that this case should be transferred to the Southwestern Division on the basis of convenience, and Defendant has not alleged any prejudice which would weigh in favor of transfer to a different division under Fed. R. Crim. P. 18.  For all the foregoing reasons, Defendant's Motion for Transfer of Trial is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2009.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court